**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELAINE KASSIN,

                Plaintiff,

           v.

WALMART, *et al.*,

                Defendants.

Civil Action No. 24-10525 (MAS) (JTQ)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendants Giti Tire (USA), Ltd. and Enki Tan's ("Tan") (collectively "Giti Tire Defendants") Motion to Dismiss (ECF No. 12) ("Giti Tire Motion") Plaintiff Elaine Kassin's ("Kassin") Complaint (ECF No. 1-1) and Walmart, Inc., Doug McMillon ("McMillon"), and Walmart Claim Services, Inc.'s ("WCS") (collectively "Walmart Defendants") Motion to Dismiss (ECF No. 13) ("Walmart Motion") Kassin's Complaint.[1] As for the Giti Tire Motion, Kassin opposed (ECF No. 31) and Giti Tire Defendants replied (ECF No. 39). As for the Walmart Motion, Kassin opposed (ECF No. 31), Walmart Defendants replied (ECF

---

[1] Walmart Defendants state Kassin improperly pleads "Walmart," "Walmart.com," and "Walmart Auto Centers" as defendants, and that the correct defendant is Walmart, Inc. (Defs.' Walmart Moving Br. 2.) For the purpose of this Memorandum Opinion, accompanying Order, and for ease of reference, to the extent that Plaintiff refers to "Walmart," "Walmart.com," and "Walmart Auto Centers," the Court refers to these defendants collectively as Walmart, Inc.

No. 36), and Kassin filed a surreply (ECF No. 43).[2] After careful consideration of the parties' submissions, the Court decides the matter without oral argument pursuant to Local Civil Rule 78.1(b).

## I.  BACKGROUND

### A.  Factual Background[3]

On or about October 29, 2023, Kassin, a resident of South Carolina, searched for tires on Walmart, Inc.'s website. (Compl. *7, ECF No. 1-1.)[4] During Kassin's search, she noticed that Walmart, Inc. advertised the Giti Tire-manufactured Primewell Valera Sport AS 235/40ZR78 95Y tires "as a 'fit'" for the 2011 Volvo S60 model. (*Id.* at *7, 8.) Kassin purchased the tires for her 2011 Volvo S60 (the "Volvo"). (*Id.* at *7.)

On November 14, 2023, while in New Jersey, Kassin's Volvo indicated low tire pressure. (*Id.*) Kassin took the Volvo to a New Jersey-based Walmart Auto Center for an inspection and to add more air to the tires. (*Id.*) While at the Walmart Auto Center, an employee informed Kassin that the shop did not have a lift available to inspect the Volvo, but another employee could add air to the tires and Kassin could come back the next day for an inspection. (*Id.*)

The next day, on November 15, 2023, Kassin left her hotel in South Brunswick, New Jersey, and proceeded north on Route One towards the New Jersey-based Walmart Auto Center. (*Id.*) While on Route One, Kassin "hit traffic, braked and the car's tires did not respond to stopping

---

[2] Although Kassin did not request or obtain leave of court before filing this surreply, the Court will consider the brief due to Kassin's pro se status. *See Turulski v. Dep't of Veterans Affs.*, No. 18-779, 2019 WL 130352, at *2 n.2 (D. Del. Jan. 8, 2019) (emphasis omitted) (considering surreply filed without leave of court "given [p]laintiff's pro se status").

[3] In considering the instant motions, this Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[4] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

[sic] the vehicle. [Kassin's] vehicle ended up rear-ending the car in front of her, and [Kassin] suffered [a] personal injury to her right ankle and malleolus, [a] bruised upper left arm[,] and a concussion." (*Id.* at *8.)

On January 29, 2024, Walmart, Inc. sent an individual named Steve White ("White") to complete a tire inspection on Kassin's vehicle at Rally Body Shop in Monmouth Junction, New Jersey, while Kassin was not present. (*Id.* at *10.)[5] After the inspection, Kassin requested Walmart, Inc. provide her with: (1) White's "detail inspection report"; (2) "documented proof of [White's] affiliation with any third-party auto inspection company"; and (3) "proof of [White's] alleged '[ASE] certification.'" (*Id.*) Walmart, Inc. did not provide Kassin with the three pieces of requested documentation. (*Id.*)

B.   **Procedural Background**

On October 6, 2024, Kassin commenced this action in the Superior Court of New Jersey. (*Id.* at *6.)[6]

On November 1, 2024, the Sheriff's Civil Bureau in Rancho Cordova, California, served Rebecca Vang, an authorized agent of CSC Lawyers Incorporating Service ("CSC"), on behalf of Giti Tire (USA), Ltd. and Giti Tire (USA), Ltd. Chief Executive Officer ("CEO"), Enki Tan, in Sacramento, California. (Proof of Service, ECF No. 12-6.)

---

[5] White's involvement in this action is not clear from Kassin's pleadings. (*See generally* Compl.) Nonetheless, it appears Kassin insinuates White is a non-"ase" certified "inspector" associated with a "third-party auto inspection company" hired by Walmart, Inc. (Compl. at *10.) For purposes of this Memorandum Opinion, the Court assumes Kassin refers to "Automotive Service Excellence" when using the abbreviation, "ase" or "ASE." (*See id.*)

[6] As discussed *infra*, the only Count in which it is clear Kassin is suing a particular party for a specific claim is Count Four. (*See generally* Compl.) In Count Four, Kassin accuses WCS of fraud. (Compl. *10.) As for the remaining Counts, it is unclear to this Court who Kassin alleges did what.

3

On November 6, 2024, the Office of the Mercer County Sheriff in Trenton, New Jersey, served Ciara Kent, a registered agent of Corporation Trust Company, on behalf of Walmart, Inc.; WCS; and Walmart, Inc. CEO, Doug McMillon in Trenton, New Jersey. (Sheriff's Return of Service, ECF No. 13-3.)

On November 15, 2024, pursuant to 28 U.S.C. § 1332(a), Giti Tire Defendants removed the case to this Court. (Notice of Removal, ECF No. 1.)[7] On December 6, 2024, Giti Tire Defendants filed the Giti Tire Motion pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6). (Defs.' Giti Tire Moving Br., ECF No. 12.)[8] On the same day, Walmart Defendants filed the Walmart Motion pursuant to Rules 12(b)(2), (5), and (6). (Walmart Motion; Defs.' Walmart Moving Br., ECF No. 13.)

On December 19, 2024, Kassin opposed the Giti Tire Motion and the Walmart Motion. (Pl.'s Opp'n Br., ECF No. 31.) On December 30, 2024, both Walmart Defendants and Giti Tire Defendants filed replies to the opposition. (Defs.' Walmart Reply Br., ECF No. 36; Defs.' Giti Tire Reply Br., ECF No. 39.) On January 8, 2025, Kassin filed a surreply to Walmart Defendants' reply. (Pl.'s Surreply Br., ECF No. 43.)[9]

---

[7] The Court finds that the parties are completely diverse and the Court has diversity jurisdiction over this matter. (*See generally* Notice of Removal.)

[8] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

[9] Kassin submitted extensive correspondence and records to the Court after filing the Complaint. (*See, e.g.*, ECF Nos. 7-11, 14, 16-30, 32, 33, 35, 37, 40, 42, 44, 45-51, 53-54, 56-73.) Because these documents are not attached to the Complaint, the Court will not consider such documentation in considering the instant motions to dismiss even if the pleadings are amended. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.").

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Insufficient Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "To determine the validity of service before removal, a federal court must apply the law of the state under which the service was made." *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 560 (D.N.J. 2009) (citing *Allen v. Ferguson*, 791 F. 2d 611, 616 n.8 (7th Cir. 1986)); *see also Fernandez v. Crown Equip. Corp.*, No. 07-4032, 2008 WL 2355422, at *2 (D.N.J. June 4, 2008) ("Because the Federal Rules of Civil Procedure are effective only for procedural issues arising after removal, the pending motion regarding service of process will be decided according to state procedural rules."). Under New Jersey law, the primary means of serving an individual within the State is:

> by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf[.]

N.J. Ct. R. 4:4-4(a)(1). The primary means of serving a corporation within the State is:

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof[.]

N.J. Ct. R. 4:4-4(a)(6); *Barbee v. Amira Nature Foods, Ltd.*, No. 21-12894, 2024 WL 623722, at *2 (D.N.J. Feb. 14, 2024) (same). If personal service within New Jersey is not possible, New Jersey law authorizes substituted service in other states.

> If it appears by affidavit satisfying the requirements of [New Jersey Court Rule] 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule, then, consistent with due process of law, in personam jurisdiction may be obtained over any defendant as follows: (A) personal service in a state of the United States or the District of Columbia, in the same manner as if service were made within this State . . . .

N.J. Ct. R. 4:4-4(b)(1)(A).

Moreover, New Jersey law authorizes substituted service outside of the United States by:

> personal service outside the territorial jurisdiction of the United States, in accordance with any governing international treaty or convention to the extent required thereby, and if none, in the same manner as if service were made within the United States, except that service shall be made by a person specially appointed by the court for that purpose[.]

N.J. Ct. R. 4:4-4(b)(1)(B).

Under Rule 12(b)(5), a party may file a motion asserting insufficient service of process as a defense. The court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service, but "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).

B.    **Motion to Dismiss for Failure to State a Claim**

Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

In matters where a plaintiff proceeds pro se, district courts are required to construe the complaint liberally. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient

facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### III. DISCUSSION

In moving to dismiss, Giti Tire Defendants argue the Motion should be granted for the following reasons: (1) Kassin failed to sufficiently serve Giti Tire (USA), Ltd. and Tan; (2) this Court does not have personal jurisdiction over Tan; (3) Kassin failed to sufficiently complete process as to Tan and Giti Tire (USA), Ltd.; and (4) Kassin failed to state a claim against Tan and Giti Tire (USA), Ltd. (Defs.' Giti Tire Moving Br. 4, 7, 10). Walmart Defendants argue the Motion should be granted for the following reasons: (1) Kassin failed to sufficiently serve McMillon; (2) this Court does not have personal jurisdiction over McMillon; and (3) Kassin failed to state a claim against McMillon, Walmart, Inc., and WCS. (Defs.' Walmart Moving Br. 5, 12.) This Court addresses each issue in turn.

#### A. Service of Process[10]

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Cap. Int'l*, 484 U.S. at 104 (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)). The Court, therefore, begins its analysis under Rule 12(b)(5) to discern whether Kassin sufficiently served Giti Tire (USA), Ltd., Tan, and McMillon.

---

[10] Kassin did not address Giti Tire Defendants' or Walmart Defendants' insufficient service of process claims in her opposition or surreply filings. (*See generally* Pl.'s Opp'n Br.; Pl.'s Surreply Br.)

8

### *1.     Giti Tire (USA), Ltd.*

In alleging that Kassin did not sufficiently serve Giti Tire (USA), Ltd., Giti Tire Defendants argue Kassin failed to file an affidavit of due diligence demonstrating she unsuccessfully attempted to serve Giti Tire (USA), Ltd. in New Jersey before serving Giti Tire (USA), Ltd. via CSC in California. (Defs.' Giti Tire Moving Br. 6-7.) In support of this contention, Giti Tire Defendants cite to *Advanced Surgery Center v. Connecticut General Life Insurance Co.*, No. 12-2715, 2012 WL 3598815 (D.N.J. July 31, 2012), where the court concluded in part that the plaintiff's service on a company was defective when the plaintiff failed to file an affidavit of due diligence. (Defs.' Giti Tire Moving Br. 6); *Advanced Surgery Ctr.*, 2012 WL 3598815, at *16. The Court agrees that service was defective but declines to dismiss the Complaint based on Rule 12(b)(5), for the reasons set forth below.

Under New Jersey law, the primary means of serving corporations within the State is:

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof[.]

N.J. Ct. R. 4:4-4(a)(6); *Barbee v. Amira Nature Foods, Ltd.*, No. 21-12894, 2024 WL 623722, at *2 (D.N.J. Feb. 14, 2024) (same). If personal service within New Jersey is not possible, New Jersey law authorizes substituted service outside the State (by out-of-state personal service or by mail), but only upon a sworn affidavit showing the party failed to serve in-state after diligent efforts. N.J. Ct. R. 4:4-4(b)(1) (requiring an affidavit "that despite diligent effort and inquiry personal service cannot be made" in New Jersey, before the plaintiff may resort to serving the defendant out-of-state by the alternative methods). This affidavit of due diligence must meet the detailed requirements of

N.J. Rule 4:4-5(b) and document the efforts made to locate and serve the defendant in New Jersey. *Id.*[11]

Here, Kassin did not file an affidavit of due diligence showing she failed to serve Giti Tire (USA), Ltd. in New Jersey after diligent efforts. Instead, Kassin just proceeded to serve Giti Tire (USA), Ltd. via CSC in California. (*See* Proof of Service.) As such, Kassin failed to meet the requirements of New Jersey law for service of process.

While this Court notes that "[t]he failure to file an affidavit of diligent inquiry is not a mere technicality, but error that deprives a court of jurisdiction," *Advanced Surgery Ctr.*, 2012 WL 3598815, at *6, this Court has "broad discretion" in deciding to dismiss the complaint for insufficient service. *Umbenhauer*, 969 F.2d at 30 ("[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service."). Where the defect arises from the absence of an affidavit of diligent inquiry, this Court has tended to exercise its discretion to allow the plaintiff to re-serve rather than dismiss the complaint. *See, e.g., Carmen v. Madison Square Garden*, No. 24-4614, 2024 WL 5244743, at *2 (D.N.J. Dec. 30, 2024) (declining to dismiss under Rule 12(b)(5) and instead quashing service and directing the pro

---

[11] N.J. Rule 4:4-5(b) reads as follows: The inquiry required by this rule shall be made by the plaintiff, plaintiff's attorney actually entrusted with the conduct of the action, or by the agent of the attorney; it shall be made of any person who the inquirer has reason to believe possesses knowledge or information as to the defendant's residence or address or the matter inquired of; the inquiry shall be undertaken in person or by letter enclosing sufficient postage for the return of an answer; and the inquirer shall state that an action has been or is about to be commenced against the person inquired for, and that the object of the inquiry is to give notice of the action in order that the person may appear and defend it. The affidavit of inquiry shall be made by the inquirer fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice. N.J. Ct. R. 4:4-5(b).

se plaintiff—who failed to file an affidavit of due diligence—to re-serve the defendant "in accordance with the Federal Rules," where the court found the plaintiff's mistakes in service appeared to have been made in good faith); *see also, e.g.*, *Mercado v. Toyota Fin. Servs. Inc.*, No. 21-13631, 2023 WL 8190229, at *4-5 (D.N.J. Nov. 27, 2023) (declining to dismiss and ordering re-service for a pro se plaintiff who failed to file an affidavit of diligent inquiry).

Here, the record contains no indication that Kassin is unable to effect proper service on Giti Tire (USA), Ltd., nor does it suggest that Kassin acted in bad faith. Dismissal under Rule 12(b)(5) would therefore be inappropriate; Kassin will be given another opportunity to adequately serve Giti Tire (USA), Ltd. in a manner consistent with the Rules.[12]

### 2. *Enki Tan*

In contending Kassin did not sufficiently serve Tan, Giti Tire Defendants make two arguments: (1) Kassin's service via CSC in California did not comport with Article 5 of the Hague Convention on the Service of Process Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"); and (2) Kassin failed to file an affidavit of due diligence. (Defs.' Giti Tire Moving Br. 4.) As for Kassin's alleged failure to comply with the Hague Service Convention, Giti Tire Defendants assert that Kassin should have effectuated service through the Central Authority pursuant to Article 5 of the Hague Convention because Tan is a Singapore citizen and resident. (*Id.* at 5.) They additionally argue that because Kassin did not seek or receive a court order permitting service in any alternate manner, Kassin's service was insufficient. (*Id.* at 5-6.) This Court agrees.

---

[12] This Court will not address the remaining grounds for dismissal against Giti Tire (USA), Ltd. at this time. Because Kassin is directed to re-serve, this Court will not have personal jurisdiction until service is proper. *See Omni Cap. Int'l*, 484 U.S. at 104 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

11

New Jersey law allows for personal service outside of the United States, in accordance with any governing international treaty or convention. *See* N.J. Ct. R. 4:4-4(b)(1)(B). In Singapore, the Hague Service Convention is the governing international convention.[13] The Hague Service Convention requires each signatory to "establish a central authority to receive requests for service of documents from other countries" to streamline service abroad. *Water Splash, Inc. v. Menon*, 581 U.S. 271, 275 (2017) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988)). "When a central authority receives an appropriate request, it must serve the documents or arrange for their service, [*Hague Service Convention*,] Art. 5, [Nov. 15, 1965, 20 U.S.T. 361,] and then provide a certificate of service, Art. 6." *Id.* Alternatively, if a party cannot complete service of process through the Hague Service Convention, New Jersey law allows service pursuant to a court order. N.J. Ct. R. 4:4-4(b)(3) ("If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.").

Here, Kassin improperly attempted to serve on a registered agent in California. (Proof of Service; Defs.' Giti Tire Moving Br. 5.) Tan is a Singaporean citizen and resident. (Defs.' Giti Tire Moving Br. 5.) Kassin is thus required to serve process on the Singaporean Central Authority for the Hague Service Convention, which shall then provide the documents to the appropriate agency through a method prescribed by the internal law of the country. *See* Arts. 3-5.

Additionally, Kassin failed to seek a court order in compliance with N.J. Ct. R. 4:4-4(b)(3). (Defs.' Giti Tire Moving Br. 5.) As such, this Court finds Kassin's failure to comply with the Hague

---

[13] Singapore is a signatory to the Hague Service Convention. *See* Ministry of Law, *Service Convention to Enter into Force for Singapore on 1 December 2023* (Nov. 24, 2023), https://www.mlaw.gov.sg/news/announcements/24-11-2023-service-convention-enters-into-force-on-1-dec-2023/ (last visited July 18, 2025).

Service Convention or secure a court order renders service deficient. The record, however, contains no indication that Kassin is unable to effect proper service on Tan under the Hague Service Convention, nor does it suggest that Kassin acted in bad faith. Accordingly, dismissal under Rule 12(b)(5) would be inappropriate; Kassin will be given another opportunity to adequately serve Tan in a manner consistent with the Rules.[14]

### 3. *Doug McMillon*

In arguing that Kassin did not sufficiently serve McMillon, Walmart Defendants make one core argument: Kassin cannot serve McMillon through Corporation Trust Company because Corporation Trust Company is only authorized to accept service on behalf of Walmart, Inc. (Defs.' Walmart Moving Br. 12.) This Court agrees.

---

[14] Because Kassin failed to properly serve Tan, it is unnecessary to address Tan's remaining arguments at this juncture. *See Omni Cap. Int'l*, 484 U.S. at 104 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

New Jersey law permits service on individuals outside New Jersey by "personal service in a state of the United States or the District of Columbia, in the same manner as if service were made within this State," such as delivering a copy of the summons and complaint to a person authorized by appointment or by law to receive service of process—like an agent. N.J. Ct. R. 4:4-4(a)(1), (b)(1)(A). With that said, New Jersey law does not articulate that a corporation's authorized agent can automatically accept service on behalf of an officer just because the officer is associated with the corporation. *See generally* N.J. Ct. R. 4:4-4. Indeed, this Court has routinely dismissed cases where a party attempts to serve an officer through an agent authorized to accept service for the corporation—not the officer. *See, e.g.*, *Curbison v. U.S. Gov't of N.J.*, No. 05-5280, 2006 WL 3544560, at *6 (D.N.J. Dec. 7, 2006) (granting Rule 12(b)(5) dismissal for the chief executive officer and board of directors when only the corporation's registered agent was served); *Kim v. Ali*, No. 23-4059, 2024 WL 749086, at *3 (D.N.J. Feb. 23, 2024), *aff'd*, No. 24-1448, 2024 WL 5135645 (3d Cir. Dec. 17, 2024) (dismissing complaint under Rule 12(b)(5) when the company's registered agent was served, but the agent was not specifically appointed as the defendant officer's agent).

Here, McMillon—a resident of Arkansas—is Walmart, Inc.'s CEO. (Defs.' Walmart Moving Brief 1; Notice of Removal 3.) If Kassin so chooses to serve McMillon through an agent in New Jersey or otherwise, Kassin must complete service on McMillon by delivering a copy of the summons and complaint to a person authorized by appointment or by law to receive service of process specifically for McMillon. By serving Walmart, Inc.'s registered agent and not McMillon's own separate agent or a registered agent authorized to accept service for both Walmart, Inc. and McMillon, Kassin failed to properly serve McMillon. As such, this Court finds Kassin's failure to serve McMillon through a proper agent renders service deficient. The record, however, contains

no indication that Kassin is unable to effect proper service on McMillon, nor does it suggest that Kassin acted in bad faith. Accordingly, dismissal under Rule 12(b)(5) would be inappropriate; Kassin will be given another opportunity to adequately serve McMillon in a manner consistent with the Rules.[15]

### B.    Failure to State a Claim

Given that Giti Tire Defendants and Walmart Defendants do not allege Kassin improperly served the remaining Defendants, WCS and Walmart, Inc., this Court next turns to the merits of Kassin's claims as to those defendants. Kassin's common law fraud claim against WCS is dismissed and the remaining claims as to Walmart, Inc. are dismissed.

---

[15] Walmart Defendants also argue the Complaint should be dismissed against McMillon pursuant to Rules 12(b)(2) and (6). Because Kassin failed to properly serve McMillon, it is unnecessary to address the remaining arguments at this juncture. *See Omni Cap. Int'l*, 484 U.S. at 104 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

### *1.     Fraud Claim (Count Four)*

This Court first considers whether Kassin failed to state a claim against WCS for fraud in Count Four. In arguing that Kassin failed to properly state a claim pursuant to Rule 12(b)(6), Walmart Defendants argue that Kassin did not plead with particularity the essential elements of common law fraud. (Defs.' Walmart Moving Br. 13; Defs.' Walmart Reply Br. 3-4.) Specifically, Walmart Defendants argue that Kassin did not sufficiently plead common law fraud when alleging that WCS sent an inspector to inspect Kassin's Volvo but failed to provide a detailed inspection report and documented proof of the inspector's affiliation with any third-party inspection company. (Defs.' Walmart Moving Br. 13.) This Court agrees.

Under New Jersey law, a plaintiff must plead the following five elements to state a claim for fraud: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997) (citation omitted). Because Rule 9(b) applies to common law fraud claims, "the circumstances constituting fraud . . . shall be stated with particularity[,] including the who, what, where, when, and how of the alleged fraud." *Rickerson v. Pinnacle Foods Inc.*, No. 17-4469, 2018 WL 1704788, at *3 (D.N.J. Apr. 9, 2018) (alterations in original, internal quotations omitted). "[M]alice, intent, knowledge, and other conditions of a person's mind[, however,] may be alleged generally." Fed. R. Civ. P. 9(b).

Here, the Complaint fails to adequately allege a common law fraud claim against WCS. In liberally interpreting the Complaint, it appears that Kassin alleges WCS committed "fraud" by sending White to inspect her Volvo on or around January 29, 2024 when Kassin was not present. (Compl. *10; Pl.'s Surreply Br. *3.) In support of this claim, Kassin alleges that WCS failed to

produce: (1) a detailed inspection report from White; (2) documentation proving White's affiliation with a third-party automobile inspector; and (3) proof of White's ASE certification after White inspected Kassin's Volvo. (Compl. *10.) Kassin alleges that White did not have an ASE certification, stating, "Plaintiff has already contacted the ASE organization and verified they have absolutely no listing for [White]" with a specific phone number and e-mail address. (*Id.*; Pl.'s Surreply Br. *4.)

These allegations are nothing more than conclusory accusations that do not support a common law fraud claim. Kassin does not allege, let alone with particularity, how WCS's failure to produce such a report and documentation and/or White's certification or employment is material to this claim; how and what Kassin relied on regarding the parameters of White's inspection and the subsequently requested documentation and information; and how Kassin's alleged damages resulted from White's inspection, White's lack of certification, and WCS's failure to provide the requested documentation and information. Moreover, Kassin does not allege even generally how WCS intended Kassin to rely on such documentation and information and/or White's certification and how WCS had specific knowledge of any falsity involved with White's conduct. As such, this Court grants Walmart Defendants' Motion under Rule 12(b)(6) as to Kassin's fraud claim against WCS.

### 2. *Remaining Claims (Counts One, Two, Three, and Five)*

As for the remaining claims, the Court finds Kassin's Complaint lacks sufficient factual allegations to satisfy the "short and plain statement" requirement of Rule 8 and fails to provide notice of the claims because the Complaint improperly groups Walmart, Inc. with the rest of the defendants. *See* Fed. R. Civ. P. 8(a).

"Courts in this district routinely dismiss complaints when the complaints contain improper 'group pleading.'" *JD Glob. Sales, Inc. v. Jem D Int'l Partners, LP*, No. 21-19943, 2023 WL 4558885, at *7 (D.N.J. July 17, 2023) (citing cases). Mere "conclusory allegations against [d]efendants as a group" which "fail[] to allege the personal involvement of any [d]efendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A court must consider whether a pleading is "impermissibly vague" or otherwise "injects an inherently speculative nature into the pleadings, forcing both the [d]efendants and the Court to guess who did what to whom when." *Yu-Chin Chang v. Upright Fin. Corp.*, No. 19-18414, 2020 WL 473649, at *3 (D.N.J. Jan. 27, 2020) (quoting *Japhet v. Fancis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014)).

Here, it is unclear which factual allegations apply to which defendants in Counts One, Two, Three, and Five. Two Counts contain factual allegations regarding Walmart Defendants and Giti Tire Defendants, but only reference Walmart Defendants' actions in the headings; two Counts reference the group "[d]efendants Walmart et al[.]" but the factual allegations fail to attribute acts to any individual defendants; and Kassin generally alleges without distinguishing defendants, "All of these issues are just mere representations of the long history of Defendant Walmart, GITI Tire USA and its co-defendants have of negligent product sales, negligent auto service and breach of service warranties that could have protected Plaintiff and thousands of other consumers from serious injury, property damage and even death-if they would have taken their duty of care to people's safety seriously" and "Plaintiff is seeking compensation and punitive damages related to the following personal injury and property damage issues, as a result of all Defendants' negligent actions related to this matter[.]" (Compl. *8-11.) As such, Walmart, Inc. does not have notice as to what Kassin is specifically alleging against it. *See Menkowitz v. Pottstown Mem'l Med. Ctr.*,

No. 97-2669, 1999 WL 410362, at *3 (E.D. Pa. June 21, 1999) (dismissing pleadings that "do not set forth facts sufficient to give the individual defendants notice as to the misconduct with which each is charged or to provide this Court with a basis upon which to determine the viability of the claims against each of them[]").

Consequently, in failing to differentiate which defendant was involved in the unlawful conduct, the allegations in the Complaint, as pleaded, are insufficient to state a claim against Walmart, Inc. *Smith v. Middleton*, No. 09-4998, 2010 WL 398899, at *5 (D.N.J. Jan. 27, 2010) (dismissing complaint where plaintiff named several defendants but failed to set forth facts detailing the alleged wrongdoing of each defendant); *Victoria v. Anderson*, No. 23-3765, 2024 WL 772543, at *3 (D.N.J. Feb. 26, 2024) (dismissing the complaint in its entirety because plaintiff failed to "plead specific facts as to each [d]efendant's . . . wrongdoing(s)" and instead "ma[de] general allegations against the group").

As the Complaint improperly groups defendants together, the Court *sua sponte* dismisses the Complaint without prejudice on that basis against Walmart, Inc. *See Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) ("The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action.").

## IV. **CONCLUSION**

For the reasons set forth above, Walmart Defendants' Motion to Dismiss as to WCS and Walmart, Inc. is granted; Walmart Defendants' Motion to Dismiss as to McMillon is denied without prejudice; and Giti Tire Defendants' Motion to Dismiss as to Giti Tire (USA), Ltd. and Tan is denied without prejudice. Kassin will have thirty days to re-serve her Complaint on Giti Tire

(USA), Ltd., Tan, and McMillon and thirty days to amend her pleadings as to the remaining defendants.[16] The Court will issue an Order consistent with this Memorandum Opinion.

                                                                      *[signature]*

                                                               **MICHAEL A. SHIPP**
                                                               **UNITED STATES DISTRICT JUDGE**

---

[16] Because the Court finds good cause to permit Kassin to re-serve her Complaint on Giti Tire (USA), Ltd., Tan, and McMillon, it does not address the sufficiency of the Complaint under Rule 8(a) as to these defendants. Should Kassin file an amended complaint, the amended complaint should clearly set forth the specific factual allegations as to each individual defendant. Kassin must properly serve the amended complaint upon Giti Tire (USA), Ltd., Tan, and McMillon, in accordance with the Rules set forth herein.