NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELAINE IRIS KASSIN,

           Plaintiff,

    v.

GITI TIRE USA, *et al.*,

           Defendants.

Civil Action No. 24-10525 (MAS) (JTQ)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

This matter comes before the Court upon several motions: (1) Plaintiff's Motion for Reconsideration (Pl.'s Mot. for Recons., ECF No. 90);[1] (2) Defendants Walmart, Inc. (improperly pled as Walmart, Walmart.com, and Walmart Auto Center, collectively "Walmart"), Walmart Claims Services ("WCS"), and Doug McMillon's ("McMillon" and collectively with Walmart and WCS, "Walmart Defendants") Motion to Dismiss (Walmart Defs.' Mot. to Dismiss, ECF No. 94) Plaintiff's Amended Complaint (Am. Compl., ECF No. 93); and (3) Defendants Giti Tire USA ("Giti") and Enki Tan's ("Tan" and collectively with Giti, "Giti Defendants," and collectively with Giti and Walmart Defendants, "Defendants") Cross-Motion to Dismiss (Giti Defs.' Cross-Mot. to Dismiss, ECF No. 99). Defendants opposed Plaintiff's Motion for Reconsideration. (Walmart Defs.' Opp'n Br., ECF No. 95; Giti Defs.' Opp'n Br., ECF No. 98.) Plaintiff opposed Defendants' Motion to Dismiss (Pl.'s Opp'n Br., ECF No. 97), and Walmart Defendants replied (Walmart Defs.' Reply Br., ECF No. 112).

---

[1] Plaintiff filed duplicative Motions for Reconsideration. (*See* Pl.'s First Mot. for Recons., ECF No. 89; Pl.'s Mot. for Recons., ECF No. 90.) The Court cites to (ECF No. 90) for the purposes of its analysis.

Plaintiff asks this Court to reconsider its July 31, 2025, Memorandum Opinion (Mem. Op., ECF No. 75)[2] and accompanying Order (Order, ECF No. 76) which: (1) granted in part and denied in part the Walmart Defendants' first motion to dismiss; (2) denied Giti's first motion to dismiss; (3) granted Plaintiff an opportunity to file the operative Amended Complaint; and (4) ordered Plaintiff to properly effectuate service within thirty days.

"In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration." *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or fact to prevent manifest injustice. *Id.* (citation omitted). It is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612-13. Nor is a motion for reconsideration an opportunity to "ask the court to rethink what it ha[s] already thought through." *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original) (citation omitted). "Rather, the rule permits . . . reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

Reconsideration is not warranted here because Plaintiff fails to present any argument that: (1) there has been an intervening change in controlling law; (2) there is new evidence that was not

---

[2] The Court previously detailed the background of this matter in its Memorandum Opinion and directs the parties to that Memorandum Opinion for a detailed recitation of the factual and procedural history. (*See generally* Mem. Op. 2-4.)

previously available; or (3) there is a need to correct a clear error of law or fact to prevent manifest injustice. (*See generally* Mot. for Recons.) Plaintiff's Motion for Reconsideration is, accordingly, denied.

Moreover, in her Motion for Reconsideration, Plaintiff requests leave to amend her Amended Complaint. (*Id.* at *6 ("Plaintiff is requesting that she also be allowed to further amend . . . [her] [Amended C]omplaint . . . because . . . [i]t would allow Plaintiff a better opportunity to clarify her claims").) Given Plaintiff's pro se status, the Court finds good cause to grant Plaintiff leave to file a second amended complaint.[3] *See Yenchik Elliott v. GTC Logistics, Inc.*, No. 23-194, 2025 WL 257603, at *2 (M.D. Pa. Jan. 21, 2025) ("[C]ourts should grant leave to file amended pleadings freely."); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ("Leave to amend 'shall be freely given[.]'" (quoting Fed. R. Civ. P. 15)); *see also Dodson v. Allied Universal Sec. Co.*, No. 24-240, 2024 WL 3665812, at *11 (D.N.J. Aug. 6, 2024) (collecting cases and explaining that courts "generally grant pro se plaintiffs . . . leave to amend where possible"). Accordingly,

**IT IS**, on this 4th day of June 2026, **ORDERED** as follows:

1.    Plaintiff's Motions for Reconsideration (ECF Nos. 89, 90) are **DENIED**.

2.    Plaintiff is **GRANTED** leave to amend her complaint. Plaintiff shall file a second amended complaint on or before **June 30, 2026**.

3.    Plaintiff shall **properly effectuate service on all Defendants** on or before **July 31, 2026**.

---

[3] Given that the Court is affording Plaintiff an opportunity to amend her complaint, it will not consider Defendants' Motions to Dismiss at this time because doing so would be premature. *See Thompson v. Anthem Cos., Inc.*, No. 18-6676, 2018 WL 3647217, at *4 (D.N.J. July 31, 2018); *King v. Harmotta*, No. 15-297, 2016 WL 3661566, at *6 (W.D. Pa. July 5, 2016) ("Because the [c]ourt will grant [p]laintiff leave to amend his complaint, the [c]ourt need not address [defendants'] argument[s] at this time.").

4.    The Clerk is directed to administratively terminate Walmart Defendants' Motion to Dismiss (ECF No. 94) and Giti Defendants' Cross-Motion to Dismiss (ECF No. 99).

5.    If Defendants wish to reinstate their Motions to Dismiss after Plaintiff files her second amended complaint, they should file correspondence on the docket requesting that the motions be reinstated. Defendants may otherwise file new motions, as appropriate, after a second amended complaint is filed.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE